UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------
:
GERALDI, ET AL.                    :    Docket No. 302CV1361 (AVC)(TPS)
                                   :
        v.                         :
                                   :
NEMETH MARTIN, ET AL.              :
                                   :    January 5, 2004
------------------------------------------------------

### PLAINTIFFS' MOTION FOR SUMMARY ENFORCEMENT OF THE SETTLEMENT AGREEMENT AND FOR ENTRY OF JUDGMENT

This is a motion for summary enforcement of the settlement agreement in this matter and for an entry of a judgment for the Plaintiffs.

The Plaintiffs and the Defendants consented to a settlement of this matter, on the record, before U.S. Magistrate Judge Smith on December 8, 2003. The terms of the settlement were later memorialized in a written agreement that was negotiated between the parties' legal counsel and executed by the Plaintiffs on December 17, 2003. Under the terms of that agreement, sums of money totaling $175,000 were to have been paid to the Plaintiffs within ten days of said execution, or by December 29, 2003.

No payments were made on that date, nor have any payments been made to date. Instead, the Defendants have unilaterally announced a plan to pay in two installments over a ninety day period, and have tried to secure the Plaintiffs' concessions by threatening corporate bankruptcy.[1]

---

[1] Defendants have indicated that Defendant Nemeth Martin, Inc, cannot pay all of the settlement proceeds because of events <u>unanticipated</u> at the time of the settlement conference. However, on information and belief, Defendant Gary Bonomo, a/k/a John Martin, knew at the time of the settlement conference that Defendant Nemeth Martin, Inc. (of which he is half owner) lacked

However, the Plaintiffs' prejudgment remedy lien in this matter on real estate owned by Defendant Bonomo is, by order of the Court and stipulation of the parties, surety against a judgment entered against either of the Defendants.  Thus, an enforcement order and entry of judgment would prevent the Defendants from using a possible Nemeth Martin bankruptcy to evade the obligation to pay the settlement proceeds and would secure the settlement promised to the Plaintiffs.

The Plaintiffs now move for summary enforcement of the settlement and the entry of a judgment for the Plaintiffs pursuant to Fed.R.Civ.P. 58, including prejudgment interest, reasonable attorney's fees and costs incurred in seeking enforcement of the settlement agreement.  The Plaintiffs set out in the accompanying memorandum a statement of the facts and law relevant to their motion.

    THE PLAINTIFFS,

By: _____
    Peter Goselin
    Livingston, Adler, Pulda,
    Meiklejohn & Kelly, P.C.
    557 Prospect Avenue
    Hartford, CT 06105-2922
    (860) 233-9821

---

assets to pay the settlement.  As early as November 2003, Defendant Nemeth Martin, Inc. told the judgment debtor in another matter (<u>Michael Siefert v. Nemeth Martin Personnel Consulting, Inc.</u>, No. CV990335762S (Conn.Super.Ct. August 12, 2003)) that it was at risk of insolvency if it paid that judgment.  The need for an order and judgment in this matter is underscored by indications that Defendant Bonomo may have entered these negotiations knowing that the corporation would be unable to pay as promised, and that the settlement would allow him to escape personal liability.

**CERTIFICATE OF SERVICE**

      This hereby certifies that a copy of the foregoing Plaintiffs' Motion For Summary Enforcement Of The Settlement Agreement And For Entry Of Judgment has been mailed first-class, postage pre-paid on this      day of January, 2004 to all counsel of record as follows:

Elena C. Goletz
Nemeth Martin Consulting, Inc.
20 Germantown Road
Danbury, CT 06810

                                                                                     _____
                                                                                      Peter Goselin