UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------
                                                :
GERALDI, ET AL.                                 :    Docket No. 302CV1361 (AVC)(TPS)
                                                :
        v.                                      :
                                                :
NEMETH MARTIN, ET AL.                           :
                                                :    January 5, 2004
---------------------------------------------------------


**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR SUMMARY ENFORCEMENT OF THE SETTLEMENT AGREEMENT
AND FOR ENTRY OF JUDGMENT**


I.      **INTRODUCTION**

The Plaintiffs seek summary enforcement of the settlement agreement in this matter and for an entry of a judgment for the Plaintiffs. The Plaintiffs and the Defendants consented to a settlement of this matter, on the record, before U.S. Magistrate Judge Smith on December 8, 2003. The terms of the settlement were later memorialized in a written agreement that was negotiated between the parties' legal counsel and executed by the Plaintiffs on December 17, 2003. Under the terms of that agreement, sums of money totaling $175,000 were to have been paid to the Plaintiffs within ten days of said execution, or by

December 29, 2003.  As of the date of this motion, the Defendants have failed to pay any of the money due under the terms of the agreement.[1]

The Plaintiffs now move for summary enforcement of the settlement and the entry of a judgment for the Plaintiffs pursuant to Fed.R.Civ.P. 58, including prejudgment interest, reasonable attorney's fees and costs incurred in seeking enforcement of the settlement agreement.

II.     **PROCEDURAL HISTORY AND RELEVANT FACTS**

On August 7, 2002, the Plaintiffs filed a Complaint in this matter alleging, inter alia, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., and Connecticut statutory and common law against both Nemeth Martin Consulting Inc., and against Gary Bonomo, a/k/a/ John Martin, individually.

On September 26, 2002, the Plaintiffs filed a Motion for Prejudgment Remedy, asking the Court to issue an Order permitting the Plaintiffs to attach the property and assets of the Defendants in the amount of Three Hundred Thousand Dollars ($300,000).  On December 9, 2002, all of the parties stipulated to the entry of an order requiring the Defendants to post a bond in the amount of Three Hundred Thousand Dollars ($300,000) in lieu of a prejudgment remedy attachment of the Defendants' property.  The parties' stipulation and proposed order stated, inter alia,:

---

[1] Defendants' counsel has announced a unilateral plan to pay the money due over a 90 day period; at the time of this motion it is unclear whether the Defendants intend to release the first payment under this plan absent concessions from the Plaintiffs not to seek enforcement.

> The Defendants, Nemeth Martin Consulting, Inc., and Gary
> Bonomo, a/k/a John Martin, agree, in satisfaction of the Plaintiffs'
> motion, to post a bond in the amount of $300,000, which bond will
> be maintained until this action is concluded and judgment entered.
> The Defendants further agree that this bond may be used to satisfy
> some or all of any judgment that is entered in this action.

The Court entered that Order on December 12, 2002.

Subsequently, the Defendants asserted that they were unable to post a bond consistent with the Court's Order, and on February 5, 2003, the Plaintiffs moved to enforce the December 12 Order and for a hearing for the Defendants to show cause why they should not be found in contempt of the December 12 Order. On May 7, 2003, all of the parties submitted to the Court a second stipulated order, stating, inter alia, that:

> The Plaintiffs and the Defendants in the above matter, by and
> through their respective counsel, hereby stipulate to and request
> that the Court order the following security, in lieu of any
> prejudgment remedy requested or stipulated to by the parties or
> ordered by the Court prior to this date:
>
> 1.     The Plaintiffs collectively will be permitted to file a $300,000
> lien against certain real property known as 61 Sail Harbour Drive
> New Fairfield, Connecticut.

The Court entered this Stipulation and Order as to Prejudgment Remedy on May 7, 2003.

On May 15, 2003, Connecticut State Marshal Roger F. Delsin made service on the Town of New Fairfield of a Writ and Direction for Attachment of Real Property consistent with the Court's May 6 Order. (Attached hereto as Plaintiffs' Exhibit 1)

On December 8, 2003, at the conclusion of a settlement conference conducted before United States Magistrate Judge Thomas P. Smith, the parties entered on the record the terms of a settlement agreement between and among all of the parties. Written agreements for each Plaintiff were subsequently memorialized in writing by the parties. (Settlement and General Release for Geraldi, Tuttle, and Young, attached hereto as Plaintiffs' Exhibit 2) The agreements provided that settlement proceeds were to be paid "within ten (10) days after [the Plaintiff's] execution of this Agreement and Nemeth/Martin and Mr. Martin's receipt of the executed Agreement." (See, Exhibit 2, paragraph 1 of each Settlement and General Release) The total amount to be paid to the three Plaintiffs in connection with the settlement was $175,000.[2] Each Plaintiff executed the agreement on December 17, 2003.

Thus, the sums owed to the Plaintiffs by the Defendants were due and owing by not later than December 29, 2003. No payments were made on that date, nor have any payments been made to date. Instead, the Defendants have unilaterally announced a plan to pay in two installments over a ninety day period, and have tried to secure the Plaintiffs' concessions by threatening corporate bankruptcy.[3]

---

[2] The agreements executed by each of the three Plaintiffs reflect the sums of money to be paid to each Plaintiff and to payment of the Plaintiffs' statutory attorney's fees and costs. (See Plaintiffs' Exhibit 2)

[3] Defendants have indicated that Defendant Nemeth Martin, Inc, cannot pay all of the settlement proceeds because of events <u>unanticipated</u> at the time of the settlement conference. However, on

However, the Plaintiffs' prejudgment remedy lien in this matter on real estate owned by Defendant Bonomo is, by order of the Court and stipulation of the parties, surety against a judgment entered against either of the Defendants. Thus, an enforcement order and entry of judgment would prevent the Defendants from using a possible Nemeth Martin bankruptcy to evade the obligation to pay the settlement proceeds and would secure the settlement promised to the Plaintiffs.

The written agreements also provide that:

> In the event that Nemeth/Martin or Mr. Martin or [the Plaintiff] institutes an action against the other for breach of this Agreement, including but not limited to the Confidentiality and Non-Disclosure provisions, and prevails, the breaching party shall pay the attorney's fees and legal costs incurred by the other in bringing and maintaining the action.

(Plaintiffs' Exhibit 2, paragraph 14 of Geraldi and Young, paragraph 13 of Tuttle)

It is beyond dispute that the Defendants, as part of the settlement of this litigation, agreed to pay certain sums of money to the Plaintiffs, that such sums are due and owing, and have not been paid. The Plaintiffs therefore move for summary enforcement of the settlement and the entry

---

information and belief, Defendant Gary Bonomo, a/k/a John Martin, knew at the time of the settlement conference that Defendant Nemeth Martin, Inc. (of which he is half owner) lacked assets to pay the settlement. As early as November 2003, Defendant Nemeth Martin, Inc. told the judgment debtor in another matter (Michael Siefert v. Nemeth Martin Personnel Consulting, Inc., No. CV990335762S (Conn.Super.Ct. August 12, 2003)) that it was at risk of insolvency if it paid that judgment. The need for an order and judgment in this matter is underscored by indications that Defendant Bonomo may have entered these negotiations knowing that the corporation would be unable to pay as promised, and that the settlement would allow him to escape personal liability.

of a judgment for the Plaintiffs pursuant to Fed.R.Civ.P. 58, including prejudgment interest, reasonable attorney's fees and costs incurred in seeking enforcement of the settlement agreement.

### III.  DISCUSSION

#### A.  The Court has the authority to summarily enforce the parties' settlement and enter judgment

"The only essential prerequisite for a valid settlement agreement is that the [parties] ... mutually assent to the terms and conditions of the settlement."  Millgard Corp. v. White Oak Corp., 224 F.Supp.2d 425, 432 (D.Conn. 2002) (internal citations omitted).

"[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract."  New Horizon Financial Services, LLC v. First Financial Equities, Inc. 2003 WL 2200-4255, *4 -5 (D.Conn., 2003); Pultney Arms, LLC v. Shaw Industries, Inc., 2002 WL 31094971, at * 2 (D.Conn., 2002).[4]  "[T]he clear and unambiguous terms of the agreement are not subject to repudiation by the parties; rather, the agreement will be summarily enforced by the court."  New Horizon Financial Services, supra; Brown v. Nationscredit Commercial, 2000 WL 888507, at *2 (D.Conn., 2000).

The Second Circuit teaches that where a settlement agreement resolving a lawsuit has been reported to the Court, the agreement is

---
[4] All unpublished decisions cited herein are attached hereto as Attachment A.

"enforceable by entry of a judgment in the original suit." Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2nd Cir.1986).

Here, the terms of the agreement reached by the parties are not in dispute, but were entered on the record at the conclusion of a judicially-supervised settlement agreement and subsequently memorialized in a writing that was negotiated by the parties and executed by the Plaintiffs. Nor is there any basis to dispute that the terms of the agreement have been breached by the Defendants' failure to pay sums due and owing within the ten day period following execution.

Thus, it is appropriate for the Court to summarily enforce the settlement and enter "a judgment in the original suit" for the Plaintiffs.

### B. The Court may include in its judgment pre-judgment interest and reasonable attorney's fees and costs

In ordering summary enforcement of a settlement and entry of a judgment thereon, the Court may also order payment of pre-judgment interest at the federal post-judgment rate for the period from the date on which the settlement payments were due to the date on which the payments are made. Pultney Arms, LLC, supra, at *4.

Under the terms of the settlement in this matter, the Defendants were required to pay to the Plaintiffs sums totaling $175,000 within ten days of the execution of the written document memorializing the agreement. As the execution of the agreement by the Plaintiffs occurred on December 17, 2003, the settlement proceeds were due and owing on

Monday, December 29, 2003. The Defendants will have had the use of the money at issue from December 29, 2003, until the payments are fully made. Thus, the Court may properly include in its order and judgment an award of pre-judgment interest at the federal post-judgment rate for that period of time.

The parties' agreement also expressly provides that where a party prevails on a claim of breach of the agreement, "the breaching party shall pay the attorney's fees and legal costs incurred by the other in bringing and maintaining the action." Thus, the Court's order and judgment may also properly include an award of such fees and costs.

## IV.    **CONCLUSION**

Therefore, the Plaintiffs respectfully request that the Court order summary enforcement of the settlement, and enter judgment on the settlement in favor of the Plaintiffs and against the Defendants, with an award of the unpaid settlement proceeds, pre-judgment interest, and the Plaintiffs' reasonable attorney's fees and costs.

          THE PLAINTIFFS,

          By:_____
              Peter Goselin
              Livingston, Adler, Pulda,
              Meiklejohn & Kelly, P.C.
              557 Prospect Avenue
              Hartford, CT 06105-2922

(860) 233-9821

## **CERTIFICATE OF SERVICE**

      This hereby certifies that a copy of the foregoing Memorandum In Support Of Plaintiffs' Motion For Summary Enforcement Of The Settlement Agreement And For Entry Of Judgment has been mailed first-class, postage pre-paid on this day of January, 2004 to all counsel of record as follows:

Elena C. Goletz
Nemeth Martin Consulting, Inc.
20 Germantown Road
Danbury, CT 06810

                                                    _____
                                                    Peter Goselin